JOHN LEE CHRISMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chrisman v. Commissioner
Docket No. 12145-88
United States Tax Court
T.C. Memo 1990-305; 1990 Tax Ct. Memo LEXIS 323; 59 T.C.M. (CCH) 922; T.C.M. (RIA) 90305; June 19, 1990, Filed *323 Decision will be entered for the respondent. James B. Lewis, for the petitioner. Tommy Leung and Martin L. Shindler, for the respondent. PETERSON, Chief Special Trial Judge. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code, as amended and in effect for 1984. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for the year 1984 in the amount of $ 1,116. *324 After a concession by petitioner that certain wage payments are includable in income, the issue remaining for our decision is whether respondent correctly determined the amount of wage income that is includable in petitioner's taxable income for the year 1984. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time petitioner filed the petition herein, his legal residence was in Stamford, Connecticut. During the first few months of 1984, petitioner was employed by Connecticut Temporaries, Inc. Mr. Wallman, an attorney, retained petitioner through Connecticut Temporaries. Mr. Wallman needed someone to fill in for his secretary while she was away. Mr. Wallman paid Connecticut Temporaries $ 13.00 per hour for petitioner's services. Connecticut Temporaries withheld taxes and their own commission from this amount and paid petitioner the remainder. In March 1984, Mr. Wallman hired petitioner directly and petitioner worked approximately 20 hours per week as an office manager/bookkeeper. Petitioner received $ 7,786.50 from Mr. Wallman during 1984 for services rendered. Mr. *325 Wallman treated petitioner as an independent contractor and did not withhold any income tax on the payments made to petitioner. In April 1985, petitioner received Form W-2 from Mr. Wallman reflecting $ 7,786.50 gross income and no withholding. In approximately August 1985, petitioner received a second Form W-2 reflecting $ 7,786.50 gross income, $ 521.70 for Social Security taxes, and no withholding for Federal income tax. Petitioner did not report as income the amount of $ 7,786.50 on his Federal income tax return filed in November 1985; however, petitioner attached a copy of the second Form W-2 to his return. OPINION The dispute lies in whether Federal income tax was withheld on certain unreported wages which the parties agree should be included as a part of petitioner's wage income. Respondent contends no amounts were withheld, and, therefore, determined petitioner's deficiency based upon $ 7,786.50 unreported income as reflected on Form W-2. Petitioner contends an appropriate amount of Federal income tax (based on the "net payment" of $ 15.00 per hour) was withheld from his wages by his employer even though that amount was not reflected on Form W-2. Petitioner further contends *326 that his unreported income is actually greater than $ 7,786.50 to reflect the amounts allegedly withheld by his employer. Respondent's determinations are presumed correct and petitioner bears the burden of proving that respondent is incorrect. Rule 142(a). Our decision in this case is purely a factual redetermination of the amount of petitioner's unreported wage income for the taxable year 1984. Petitioner concedes that if we find his employer did not withhold amounts for Federal income tax, respondent's determination is correct as to the amount of his tax liability for the year 1984. Section 31 allows an employee to take a tax credit for the amount withheld by an employer from the employee's wages for Federal income taxes. However, it is well settled that the amount must have actually been withheld. ; , affd. . In , we held that respondent "may assess the tax against the employee upon whom, in the final analysis, the tax burden must fall. The employee of *327 an employer failing to properly withhold amounts for tax is not entitled to a credit for amounts which were never withheld from him." . If we find petitioner's employer did not withhold amounts from his wages, petitioner would still bear the ultimate responsibility for his Federal income tax liability on the correct amount of his wages. Petitioner contends that his oral employment agreement with Mr. Wallman provided that he would be paid $ 15.00 per hour "net of withholding." Therefore, petitioner contends his unreported gross income should include the amount of withholding tax that Mr. Wallman was supposed to withhold for Federal income tax. There is no evidence to support such an agreement. We think the record is clear that Mr. Wallman treated petitioner as an independent contractor and consequently did not withhold any amounts for Federal income tax. Petitioner's argument that Mr. Wallman withheld amounts from his wages for purposes of Federal income tax lacks merit. There is no evidence other than petitioner's self-serving statements to substantiate his claims. There are no records indicating that petitioner's wages *328 were any amount other than $ 15 per hour. There are no records indicating any withholding for Federal income tax. Self-serving statements, without more, are not enough to satisfy petitioner's burden of proof. Pursuant to the above, we find that petitioner failed to report wage income from Mr. Wallman in the amount of $ 7,786.50 since petitioner's income did not include any amounts withheld for Federal income tax. Decision will be entered for the respondent.